Citation Nr: 1546228 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 11-13 707 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Buffalo, New York


THE ISSUE

Entitlement to a disability rating in excess of 10 percent for right Eustachian tube dysfunction.


REPRESENTATION

Appellant represented by: Military Order of the Purple Heart of the U.S.A.


ATTORNEY FOR THE BOARD

B. Isaacs, Associate Counsel






INTRODUCTION

The Veteran served on active duty from August 1976 to August 1980 and from March 1985 to March 2007.

This matter is before the Board of Veterans' Appeals (Board) on appeal of a July 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Buffalo, New York.

The Board most recently remanded the case for further development in March 2015.

The appeal is again REMANDED to the agency of original jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

On June 17, 2015, VA notified the Veteran that a new VA examination of his left Eustachian tube dysfunction would be scheduled. On July 9, 2015, the Veteran contacted VA and advised that he had been told that he had "contact[ed] the facility [too] late to schedule the exam" and that it needed to be rescheduled. However, the examination ordered by the Board never took place. A VA examination to determine the severity of the Veteran's right Eustachian tube dysfunction must be scheduled upon remand. Stegall v. West, 11 Vet. App. 268, 271 (1998) (a remand by the Board confers upon a veteran, as a matter of law, the right to compliance with the remand instructions, and imposes upon the VA a concomitant duty to ensure compliance with the terms of the remand). 

The Board's March 2015 remand also directed that the AOJ obtain the July 18, 2014 audiological examination report that was referenced in the Veteran's June 30, 2014 VA examination. This audiological report was never obtained and the AOJ did not state whether the record does not exist or is otherwise unavailable. Additionally, VA will end its efforts to locate records in possession of a Federal agency only if it concludes that the records sought do not exist or further efforts to obtain the records would be futile. All procedures to obtain the July 2014 examination report must be followed, and the attempts by the AOJ to obtain this record must be documented. See Stegall, 11 Vet. App. at 271; 38 C.F.R. § 3.159(c)(2); Bell v. Derwinski, 2 Vet. App. 611 (1992).

In light of the remand, updated VA treatment records must also be obtained. 38 C.F.R. § 3.159(c)(2); Bell, 2 Vet. App. at 611.

Accordingly, the case is REMANDED for the following actions:

1. Obtain the Veteran's updated VA treatment records dated since October 2014.

2. Obtain the July 2014 VA audiological examination report that was referenced in the June 30, 2014 ENT examination, as having been scheduled for that date. If the examination did not take place, or if the report is otherwise unavailable, the attempts to obtain it must be documented in the record.

3. Thereafter, schedule the Veteran for a VA audiological/ear examination to determine the scope and severity of his right Eustachian tube dysfunction, or the residuals thereof, to include any associated hearing impairment and tinnitus. The entire record must be made available and reviewed by the examiner.

All indicated audiological tests and studies should be performed. In addition to objective test results, the examiner should clearly describe the nature and degree of any impairment caused by the Veteran's right Eustachian tube dysfunction. The examiner should indicate whether there is hearing loss and tinnitus present as manifestations of the right Eustachian tube dysfunction.

The examiner must provide a comprehensive report including complete rationales for all opinions and conclusions reached, citing the objective medical findings leading to the conclusions.

4. Finally, readjudicate the appeal. If the benefit sought remains denied, furnish the Veteran and his representative an appropriate supplemental statement of the case and provide them an opportunity to respond.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims (Court) for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
RYAN T. KESSEL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).